[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION TO MODIFY VISITATION
The defendant wants to see more of the parties children. The current order of visitation is for a period of hours on Saturday, either from 8 a.m. to noon, or 4 p. m. to 7 p. m. The parties had their children in 1991, and separated in 1993. They had never chosen to marry. The father visited with the children on weekends and during the week until early in 1994, when the visitation was foreclosed.
The defendant claimed that he tried to work things out, but that the plaintiff was unwilling. The parties have taken an extended parenting education program in the Town of Southbury, and have had the benefit of one mediation session with Family Services. In their report of April 5, 1995, Family Services recommended that the parties access private joint counseling and move back into mediation thereafter.
Counsel for the parties conceeded after questions of the court that the parties are completely unable to communicate, and that their level of conflict is extreme. The court admonished the parties, and proceeded to this hearing. The defendant claimed in his testimony that they do not share interests at all. On cross-examination, the defendant denied that he had expressed rage or violence to the plaintiff in front of the children.
The plaintiff claimed that the change in the visitation schedule occurred after an incident with a lamp, and after the parties attempted to discuss some of the other problems with visitation. The plaintiff is forty-two, and is suffering from chronic fatigue syndrome. She had been employed by Elizabeth Arden and Cheeseborough Ponds. She recently graduated from the University of Bridgeport. She has no other children, but the twins she shares with the defendant. CT Page 9980
The children are basically healthy, but Nathaniel suffers a bit from asthma. They are in nursery school. Zachary likes insects, and is mechanical. Nathaniel likes to read more than most. He likes music, and is generally more skilled academically.
The plaintiff claimed that the defendant visited with the children one night per week overnight, which coincided with her night at school. He also saw the children all day on Saturday. He exercised that visitation on a weekly basis. On two occasions, in April of 1994 and June of 1994, the visitation changed. He called late at night. She claimed that if their behavior did not improve, they were not welcome. She heard anger in his voice, and was fearful for the children. She alleged that he had been verbally and emotionally abusive during their relationship, and she feared that he would not be able to cope with them if they continued to misbehave.
Just before the court appearance, she wanted to talk to him concerning family illness and her unemployment. Prior to the court process, the parties had gotten together with the children for supper and for parenting classes. When they got to court, they ceased being able to do any of that.
She confirmed the agreement as stated in the report of Family Services for joint counseling for the parties to work on issues of parenting the children. She testified that she had invited him to the childrens' birthday party where his mother was in attendance. She testified that she has asked him to meet in a neutral place to discuss the children.
The court has heard this matter many times, and does not believe that a court hearing will be of further benefit to the minor children until such time as the parties make a good faith attempt to comply with their understanding with Family Services that they engage in counseling together, and then reaccess Family Services to complete their mediation.
The court will not take action to modify visitation until such time as the parties comply with their own CT Page 9981 agreement, and recommendation of Family Services. Their ability to function as parents is not something that can be mandated by court order. Their children will continue to suffer the abuse of the parents until they truly dedicate themselves to their children's best interest.
The motion to modify visitation is denied without prejudice.
DRANGINIS, J.